**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:13CR296-1 |
| | ) | |
| BARRY DEAN BAIZE | ) | |

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on the defendant's Motion for Reconsideration of Detention Order (Docket Entry 27). (See Docket Entry dated Dec. 3, 2013 (referring the instant Motion to the undersigned United States Magistrate Judge).) For the reasons that follow (and that the Court set forth on the record at the hearing on the instant Motion (see Docket Entry dated Dec. 9, 2013)), the Court declines to reconsider its prior Order (Docket Entry 10).

BACKGROUND

A federal grand jury for this district indicted the defendant for possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1) and the indictment gave notice, based on the nature of his prior record, of an applicable enhanced penalty of imprisonment of not less than 15 years and up to life pursuant to 18 U.S.C. § 924(e). (Docket Entry 1.) The case thereafter came before the Court (per the undersigned Magistrate Judge) for a hearing on an oral motion for detention by the United States pursuant to 18 U.S.C. § 3142(f)(1)(B) and (E). (See Docket Entry dated Sept. 12, 2013.) Pursuant to 18 U.S.C. § 3142(i)(1), on September 13, 2013, the Court (again per the undersigned Magistrate Judge) entered a

written order of detention because clear and convincing evidence established that no available release conditions would reasonably assure the safety of the community and a preponderance of the evidence established that no such conditions would reasonably assure the defendant's appearance. (Docket Entry 10.)[1]

Trial commenced approximately six weeks later and ended in a mistrial. (See Docket Entries dated Oct. 21-22, 2013.) The case came on for trial again approximately three weeks later, with a mistrial again declared. (See Docket Entries dated Nov. 13-14, 2013.) On November 27, 2013, the United States moved to continue any further trial of the case to the January 2014 Criminal Term. (Docket Entry 23.) Said Motion to Continue states that "[t]he Government will not oppose release of [the] [d]efendant [] under the conditions set out at the release hearing scheduled for the

---

[1] The defendant did not timely seek review of said Order. (See Docket Entries dated Sept. 13-30, 2013.) More specifically, for a nondispositive matter, such as release or detention, "[a] party may serve and file objections to the order [of a magistrate judge] within 14 days after being served with a copy of a written order . . . ." Fed. R. Crim. P. 59(a); see also Fed. R. Crim. P. 45(c) adding three days to any deadline specified in days where electronic service of document triggers obligation to act); Fed. R. Crim. P. 59(a) ("The district judge must consider timely objections . . . . Failure to object in accordance with this rule waives a party's right to review."); Fed. R. Crim. P. 59 advisory comm. notes, 2005 Adoption ("Despite the waiver provisions, the district judge retains the authority to review any magistrate judge's decision . . . whether or not objections are timely filed." (citing Thomas v. Arn, 474 U.S. 140, 154 (1985))); United States v. Hoffman, No. 4:08CR40020-001, 2009 WL 1068856, at *1 (W.D. Ark. Apr. 21, 2009) (unpublished) (discussing interaction between Federal Rule of Civil Procedure 59(a) and provision for review of detention orders in 18 U.S.C. § 3145) (citing United States v. Tooze, 236 F.R.D. 442, 446 (D. Ariz. 2006)).

week of December 2, 2013 before [the undersigned] Magistrate Judge []." (Id. at 1.)  The Docket does not reflect that, as of the date of the filing of said Motion to Continue, the undersigned Magistrate Judge (or any other judicial officer) had set this case for a hearing regarding the issue of release or detention.  (See Docket Entries dated Sept. 13, 2013, to Nov. 27, 2013.)

On November 28, 2013, the defendant filed a Motion to the District Court for Review of Magistrate Judge's Detention Order pursuant to 18 U.S.C. § 3145(b).  (Docket Entry 24.)  In it, he noted the above-quoted representations made by counsel for the United States in connection with its Motion to Continue and then asserted that, "[w]hether or not the [M]otion to [C]ontinue is granted, the [d]efendant should be released."  (Id. at 1.)  By Order dated December 2, 2013, the Court (per United States District Judge James A. Beaty, Jr.) continued any trial of this case to the January 2014 Criminal Term.  (Docket Entry 25.)  Said Order did not reference the issue of release or detention.  (See id.)

The next day, the defendant withdrew his Motion to the District Court for Review of Magistrate Judge's Detention Order. (Docket Entry 26; see also Docket Entry dated Dec. 3, 2013 (noting construction of filing in question as Notice of Withdrawal of Motion to the District Court for Review of Magistrate Judge's Detention Order and administratively terminating same.)  The defendant then filed the instant Motion (Docket Entry 27), as to which the Court (per the undersigned Magistrate Judge) promptly

-3-

held a hearing and orally denied relief (see Docket Entry dated Dec. 9, 2013). At the defendant's request, the Court now enters this written order to facilitate any further review of this matter.

DISCUSSION

In the instant Motion, the defendant "move[d] for reconsideration of the Detention Order" and stated that, "[b]ecause there have been two mistrials and a delay until at least January 2014, the [United States] consents to release of the [d]efendant with appropriate conditions." (Docket Entry 27 at 1.)[2] The instant Motion further asserts that "[the] [d]efendant can be safely released. He is a life resident of the Eden, NC, community. He will appear in any future hearing; he has no place to flee. He fully understands that he must obey all conditions of release or he will be returned to detention." (Id. at 1-2.) Finally, the instant Motion "proposes that [the defendant's] Mother, Jerlean, be custodian." (Id. at 2.)

"The Bail Reform Act of 1984 provides two avenues through which a release or detention order can be reconsidered prior to

---

[2] According to the defendant, that consent "is tantamount to a withdrawal of the motion for detention." (Docket Entry 27 at 1.) However, no motion for detention remains pending at this time. Rather, as detailed in the Background section, the Court (per the undersigned Magistrate Judge) granted the oral Motion for Detention by the United States two months ago. That Order constitutes the operative document at this point. The defendant has cited no authority for the view that post hoc consent by the United States to a defendant's release automatically vitiates a court order requiring his detention based on findings that his release poses a danger to the community and a risk of nonappearance, both inadequately addressed by available release conditions.

review on appeal by a court of appeals." United States v. Cisneros, 328 F.3d 610, 614 (10th Cir. 2003). Specifically:

> The first avenue is provided by 18 U.S.C. § 3142(f), which specifies . . . [that "the] hearing [held regarding the issue of release or detention] may be reopened before or after a determination by the judicial officer, at any time before trial <u>if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community</u>.["]
>
> By its terms, this [sub]section applies to reconsideration of a detention or release order by the same judicial officer who entered the initial order. In addition, reconsideration is permissible under this [sub]section only when there is new information that would materially influence the judgment about whether there are conditions of release which will reasonably assure that the defendant will not flee and will not harm any other person or the community.
>
> The second avenue is provided by 18 U.S.C. § 3145(a) and (b). These [sub]sections permit the government or a defendant to file a "motion for revocation" of a release or detention order. . . . [Such a] motion should be considered and ruled upon in the first instance by a district judge . . . .

Id. at 614-15 (quoting 18 U.S.C. §§ 3142(f) and 3145(a) and (b), respectively) (internal block quote formatting and brackets omitted) (emphasis added).

In this case (as set out in the Background section), the defendant initially took the second of the foregoing avenues by filing his Motion to the District Court for Review of Magistrate Judge's Detention Order, but then abandoned that course in favor of pursuing the instant Motion. In so doing, the defendant acknowledged an intent to have the instant Motion submitted to a

-5-

Magistrate Judge, rather than to a District Judge.  (See Docket Entry 26 at 1.)  The instant Motion thus appears to fall under the "first avenue" referenced by the Cisneros Court, i.e., attempted reopening of the detention hearing via Subection 3142(f).  As the above-highlighted language from that statutory provision states, a defendant may secure such relief only by showing the existence of information "not known to the [defendant] at the time of the [detention] hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community."  18 U.S.C. § 3142(f).

The defendant has failed to satisfy that standard.  First, the bulk of the matters identified by the defendant in support of his instant Motion, i.e., the length of his residency in and around Eden, his professed intent to appear at future proceedings, his lack of a flight destination, his acknowledgment that violation of conditions of release would result in re-arrest, and the availability of his mother as a third-party custodian, fail to qualify as information unknown to the defendant at the time of his original detention hearing.[3]  Further, to the extent the occurrence of two mistrials qualifies as new information, said events do not

---

[3] Indeed, the Court specifically found the proposed placement of the defendant in the third-party custody of his mother unsuitable given her dependent condition and his history of violence against women.  (See Docket Entry 10 at 7.)

materially impact the Court's determinations regarding risk of danger to the community and of nonappearance.

In that regard, the Court notes that, at the hearing on the instant Motion, counsel for the parties reported that the first mistrial occurred as a result of contact between a witness and juror(s) and that the second mistrial arose from the inability of the jury to reach a unanimous verdict.  The Bail Reform Act, in turn, identifies the following factors as relevant to the issue of release or detention:  "(1) the nature and circumstances of the offense charged . . .; (2) the weight of the evidence against the [defendant]; (3) the history and characteristics of the [defendant] . . .; and (4) the nature and seriousness of the danger to any person or the community that would be posed by [the defendant's] release."  18 U.S.C. § 3142(g).  The first mistrial says nothing about any of those factors and, although the second mistrial arguably bears upon the second factor (concerning the weight of the evidence against the defendant), the Court, in ordering detention, neither characterized the evidence against the defendant as strong nor treated the strength of the evidence as a factor favoring detention (see Docket Entry 10 at 3-7).  "Nor can the length of [the defendant's] current or potential future detention be considered under this [Sub]section [3142(f)] since it is not

material to the issue of risk of flight or dangerousness." United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989).[4]

**IT IS THEREFORE ORDERED** that the defendant's Motion for Reconsideration of Detention Order (Docket Entry 27) is **DENIED**.

                                    /s/ L. Patrick Auld
                                 **L. Patrick Auld**
                        **United States Magistrate Judge**

December 12, 2013

---

[4] Some courts have entertained constitutionally based, due process challenges where pretrial detention has extended for a particularly lengthy period of time. See United States v. Bryant, No. 3:04CR47, 2006 WL 482430, at *3-5 (W.D. Va. Feb. 27, 2006) (unpublished) (citing and discussing cases). The four-to-five-month period of pretrial detention that would precede the third trial in this case does not compare to the year-plus periods still found insufficient to support release in other cases. See id. As a final matter, research has revealed one court that has recognized the right of a defendant to seek reconsideration of a detention order unfettered by the restrictions of the Bail Reform Act. See United States v. Lovgren, No. 13-40087-JAR, 2013 WL 5729931, at *1 (D. Kan. Oct. 22, 2013) (unpublished) (citing United States v. Becker, No. 09-40008-01-JAR, 2010 WL 1424360, at *2 (D. Kan. Apr. 5, 2010) (unpublished)). However, that court (looking to the civil context for guidance) nonetheless required a showing of "(1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." Id. (quoting Becker, 2010 WL 1424360, at *2). The instant Motion does not appear to satisfy such conditions.