**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4452**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BARRY DEAN BAIZE,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:13-cr-00296-TDS-1)

Submitted:  February 11, 2015            Decided:  March 31, 2015

Before WYNN, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William S. Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Robert A. J. Lang, Assistant United States Attorney, Kimberly Sokolich, Third-Year Law Student, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barry Dean Baize was convicted after a two-day trial before a jury of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2012), and was sentenced to 245 months' imprisonment. On appeal, Baize challenges his conviction, arguing that the evidence is insufficient to support it, that the district court abused its discretion in dismissing an ill juror and replacing her with an alternate, and that—as applied to him—the "in or affecting commerce" element of 18 U.S.C. § 922(g)(1) is unconstitutional. We affirm.

We review the sufficiency of the evidence supporting a conviction de novo. United States v. McLean, 715 F.3d 129, 137 (4th Cir. 2013). "A defendant bringing a sufficiency challenge must overcome a heavy burden, and reversal for insufficiency must be confined to cases where the prosecution's failure is clear." United States v. Engle, 676 F.3d 405, 419 (4th Cir. 2012) (internal quotation marks and citation omitted). In assessing the sufficiency of the evidence, our review is limited to determining whether, viewing the evidence in the light most favorable to the Government and accepting the factfinder's determinations of credibility, the verdict is supported by substantial evidence, that is, "evidence that a reasonable finder of fact could accept as adequate and

2

sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. King, 628 F.3d 693, 700 (4th Cir. 2011) (internal quotation marks omitted).

To convict Baize of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1),[1] the Government was required to prove beyond a reasonable doubt that: (1) he was previously convicted of a crime punishable by a term of imprisonment exceeding one year; (2) he voluntarily and intentionally possessed a firearm; and (3) the possession was in or affecting commerce, because the firearm had traveled in interstate or foreign commerce. United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001); United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc). The second element may be satisfied by proof of actual possession or constructive possession of the firearm. Gallimore, 247 F.3d at 136-37.

We conclude that the evidence, viewed in the light most favorable to the Government, was sufficient to establish Baize's guilt. The parties stipulated that Baize had a prior conviction for a crime punishable by a term of imprisonment

---

[1] The indictment also charged Baize with violating 18 U.S.C. § 924(e), which provides for a fifteen-year minimum prison term for a person who violates § 922(g)(1) and has three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." Baize's challenges to the sufficiency of the evidence, however, do not pertain to § 924(e).

3

exceeding one year. Three witnesses observed Baize actually possess a firearm in the yard abutting an Eden, North Carolina residence, and Baize was observed throwing a shiny object in a field near the residence after walking from the yard to the field. An operable .22 caliber Derringer firearm that was manufactured in West Germany and had traveled in interstate or foreign commerce was recovered near the location where Baize threw the shiny object. Baize also admitted during a recorded telephone conversation after his arrest that he possessed a firearm.

On appeal, Baize addresses the credibility of the witnesses who testified at trial, asserting that the eyewitnesses' testimony should be viewed with caution and that his testimony denying possession of the firearm was credible. We reject these assertions as meritless. It is the role of the jury to weigh the credibility of the evidence, to resolve conflicts in the evidence, and—where the evidence supports different, reasonable interpretations—to decide which interpretation to believe. McLean, 715 F.3d at 137. The jury was entitled to credit the eyewitnesses' testimony and discredit that given by Baize and, in reviewing for substantial evidence, this court will not weigh evidence or review witness credibility. Id.

4

Baize also asserts that there was no fingerprint or DNA evidence linking him to the recovered firearm. We reject this assertion as well. The testimony adduced by the Government at trial was sufficient to establish Baize's guilt; no fingerprint or DNA evidence linking him to the firearm was required. See United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997) ("Just as the uncorroborated testimony of one witness or of an accomplice may be sufficient to sustain a conviction, the uncorroborated testimony of an informant may also be sufficient.").

Baize argues next that the district court abused its discretion in dismissing a juror who became ill during the trial and replacing her with an alternate. Rule 24(c) of the Federal Rules of Criminal Procedure expressly authorizes district courts to impanel alternate jurors and to substitute them for jurors who can no longer serve. We review a district court's decision to replace a juror with an alternate for abuse of discretion. United States v. Runyon, 707 F.3d 475, 517 (4th Cir. 2013), cert. denied, 135 S. Ct. 46 (2014). "A finding that a district court acted on an irrelevant legal basis or lacked factual support for the conclusion that a juror was unable or disqualified to perform his duty amounts to a finding that the court abused its discretion." United States v. Nelson, 102 F.3d 1344, 1349 (4th Cir. 1996).

5

We conclude that the district court had both factual support and a legally relevant basis for excusing the ill juror and replacing her with an alternate. Prior to the commencement of the second day of trial, the juror's mother had reported to the district court that the juror got sick the night before. Although the juror traveled to the courthouse on the second day of trial and was able to answer the district court's questions regarding her illness, she affirmed she was then dizzy and nauseous, had vomited the night before, did not know how long her illness—which had "off-and-on" symptoms—would last, and that she probably would not be able to concentrate if she were to sit as a juror that day. Given the uncertainty regarding the length of the illness, the juror's confirmation that concentration on the evidence would likely be problematic, and the inconvenience that any delay might cause, the district court acted within its discretion in excusing the ill juror and replacing her with an alternate rather than postponing the trial. See Nelson, 102 F.3d at 1349-50 (finding no abuse of discretion where district court replaced two jurors with alternates because jurors were scheduled to go on vacation); United States v. Hayden, 85 F.3d 153, 157 (4th Cir. 1996) (finding no abuse of discretion where district court replaced a juror who knew one of the witnesses with an alternate); United States v. Colkley, 899 F.2d 297, 303 (4th Cir. 1990) (finding no abuse of

discretion where district court excused a juror who failed to appear for thirty minutes and replaced him with an alternate).

Finally, Baize argues that the "in or affecting commerce" element of 18 U.S.C. § 922(g)(1)[2] as applied to him is unconstitutional under the Commerce Clause.  As Baize correctly acknowledges, however, relief on this claim is foreclosed by controlling Circuit precedent.  See Gallimore, 247 F.3d at 137–38.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[2] Section 922(g)(1) prohibits individuals in specified categories from "ship[ping] or transport[ing] in interstate or foreign commerce, or possess[ing] in or affecting commerce, any firearm or ammunition; or . . . receiv[ing] any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  18 U.S.C. § 922(g)(1).

7